Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
__Middle__ District of _Pennsylvania_

_____ Division

Carlton Theodore Landis

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

See attached (caption)

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

Case No. 1:19cv470

*(to be filled in by the Clerk's Office)*

FILED
SCRANTON

MAR 15 2019

PER_____  
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Carlton Theodore Landis |
| All other names by which you have been known: | Carlton Theodore Landers |
| ID Number | 24449-056 |
| Current Institution | USP Lewisburg |
| Address | P.O. Box 1000 |
| | Lewisburg            PA          17837 |
| | *City*          *State*          *Zip Code* |

    **B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | David J. Ebbert |
| Job or Title *(if known)* | Warden |
| Shield Number | Unknown |
| Employer | Bureau of Prisons |
| Address | 2400 Robert F. Miller Drive |
| | Lewisburg            PA          17837 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | J. Ray Ormand |
| Job or Title *(if known)* | Regional Director |
| Shield Number | Unknown |
| Employer | Bureau of Prisons |
| Address | U.S. Custom House 7th Floor, 2nd and Chestnut St. |
| | Philadelphia            PA          19106 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity  ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name: D. Langton

Job or Title *(if known)*: Correctional Officer

Shield Number: Unknown

Employer: Bureau of Prisons

Address: 2400 Robert F. Miller Drive

Lewisburg           PA           17837
City                    State                    Zip Code

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

Name: J. Savidge

Job or Title *(if known)*: Correctional Officer

Shield Number: Unknown

Employer: Bureau of Prisons

Address: 2400 Robert F. Miller Drive

Lewisburg           PA           17837
City                    State                    Zip Code

☑ Individual capacity     ☑ Official capacity

See Attached (Defendants)

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

(1) Freedom of Speech; retaliation for filing grievances, retaliation for exercising my right to be free from prison violence.

(2) Cruel and Unusual Punishment; (3) Due Process; (4) Equal Protection

See attached
(Basis for Jurisdiction

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as Bureau of Prisons personnel.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee

- [ ] Civilly committed detainee

- [ ] Immigration detainee

- [ ] Convicted and sentenced state prisoner

- [x] Convicted and sentenced federal prisoner

- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

~~XXXXXXX~~   N/A

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attached (Statement of Claim)

C.      What date and approximate time did the events giving rise to your claim(s) occur?

See attached (Statement of Claim)

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See attached (Statement of Claim)

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Other than Mental and emotional stress, Plaintiff did not sustain any other injuries that required medical treatment.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See Attached (Relief)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

USP Lewisburg

B.      Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.      Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

USP Lewisburg, Northeast Regional Office, Central Office

2.    What did you claim in your grievance?

(a) That prison officials violated my constitutional rights (Freedom of speech, cruel and unusual punishment) by maliciously denying me recreation because I filed grievances and exercised my right to be free from prison violence.   (See attached)

3.    What was the result, if any?

Some of the grievances were "referred"; some of the grievances were ~~also~~ denied.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

I exhausted the administrative remedy process, which means that I filed, and received responses, from the central office, the Northeast regional office, and USP Lewisburg.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

      Plaintiff(s)   _____

      Defendant(s)   _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

      _____

   3.   Docket or index number

      _____

   4.   Name of Judge assigned to your case

      _____

   5.   Approximate date of filing lawsuit

      _____

   6.   Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition.   _____

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
   Plaintiff(s)   _____
   Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3.   Docket or index number

   _____

4.   Name of Judge assigned to your case

   _____

5.   Approximate date of filing lawsuit

   _____

6.   Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition   _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

   _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      3/6/19

Signature of Plaintiff      _Carlton T. Landis_

Printed Name of Plaintiff      Carlton T. Landis

Prison Identification #      24449-056

Prison Address      P. O. Box 1000

Lewisburg                  PA      17837
| City | State | Zip Code |

### B.    For Attorneys

Date of signing:      _____

Signature of Attorney      _____

Printed Name of Attorney      _____

Bar Number      _____

Name of Law Firm      _____

Address      _____

_____
| City | State | Zip Code |

Telephone Number      _____

E-mail Address      _____

# Attached

## Caption

David J. Ebbert
J. Ray Ormond
D. Langton
J. Savidge
M. Condit
J. Konkle
(First name unknown) Steese
(First name unknown) Moyer
(First name unknown) Hackenburg
Ian Connors
John Doe
Bureau Of Prisons


## Defendants (Continued)

M. Condit
Correctional Officer
Unknown
Bureau of Prisons
2400 Robert F. Miller Drive
Lewisburg, PA 17837
  ✓ Individual capacity          ✓ Official Capacity

J. Konkle

2.

Deputy Captain
Unknown
Bureau of Prisons
2400 Robert F. Miller Drive
Lewisburg, PA 17837
   ✓ Individual Capacity          ✓ Official Capacity

(First name unknown) Steese
Correctional Officer
Unknown
Bureau of Prisons
2400 Robert F. Miller Drive
Lewisburg, PA 17837
   ✓ Individual Capacity          ✓ Official Capacity

(First name unknown) Moyer
Correctional Officer
Unknown
Bureau of Prisons
2400 Robert F. Miller Drive
Lewisburg, PA 17837
   ✓ Individual Capacity          ✓ Official Capacity

(First name unknown) Hackenburg
Correctional Officer
Unknown
Bureau of Prisons
2400 Robert F. Miller Drive

3.

Lewisburg, PA 17837

✓ Individual Capacity        ✓ Official Capacity

Ian Connors
Administrator National Inmate Appeals
Unknown
Bureau of Prisons
320 First Street, NW
Washington, DC 20534

✓ Individual Capacity        ✓ Official Capacity

John Doe
Director of Bureau of Prisons
Unknown
Bureau of Prisons
320 First Street, NW
Washington, DC 20534

✓ Individual Capacity        ✓ Official Capacity

Bureau of Prisons
N/A
N/A
N/A
320 First Street, NW
Washington, DC 20534

   Individual Capacity        ✓ Official Capacity

4

## Basis for Jurisdiction (continued)

In addition to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, Plaintiff is also suing under the Administrative Procedure Act (APA) and/or the court precedent that "an agency must follow its own procedures."

Plaintiff is claiming that the Bureau of Prisons (staff members) is not following its own regulations (Code of Federal Regulations [Inmate Discipline] and Program Statements [Inmate Discipline and Special Management Units]). In particular, Plaintiff is claiming that the policy of taking— on the spot, that is— Special Management Unit inmates' recreation privileges for violating prison rules ("i.e. dressed in [un]altered clothing, cell sanitation") is in direct contrast with Bureau of Prisons procedures, as outlined in Code of Federal Regulations (28CFR part 541) and Program Statements (P5217.02: Special Management Units / P55270.09: Inmate Discipline), that dictate (1) inmates have a right to a notice of charges and a hearing before an inmate's recreation privilege may be upended for violating prison rules and (2) Special Management Unit inmates may not be sanctioned with a loss of recreation for violating prison rules. Plaintiff was never given an incident report, a notice of charges, or a hearing; Plaintiff's recreation privilege was simply taken, for six months, by prison guards, because they believe they have the power to take Special Management Unit inmates' recreation whenever it suits them, irrespective of Bureau of Prisons procedure. The Bureau of

5.

Prisons, via the administrative remedy responses Plaintiff has received from Defendants Bonkle, Ebbert, Ormond, and Connor, has sanctioned prison guards upending Special Management Unit inmates' recreation.

## Relief

A. Plaintiff is requesting compensatory damages in the amount of $10,000, or as the Court may deem appropriate, for the mental and emotional stress placed on Plaintiff by Defendants maliciously denying Plaintiff recreation for approximately six months, without Due Process.

B. Plaintiff is requesting punitive damages in the amount of $10,000, or as the court may deem appropriate, which will serve as a stern reminder to the Defendants that their behavior was unjust and deserved to be punished.

C. Injunctive relief that constitutes the court ordering the Defendants to cease giving Plaintiff, and other Special Management Unit inmates, "on the spot" recreation sanctions, thereby preserving Plaintiff's constitutional rights (Freedom of Speech and Due Process) until and/or while the claims in this suit are settled.

D. An award of Plaintiff's costs of suit.

E. All other relief that is appropriate under the circumstances.

F.  Plaintiff is requesting, pursuant to the court precedent that "an agency must follow its own procedures," that the court compel the Bureau of Prisons to comply with its own procedures, as outlined in 28 CFR part 541, P55217, and P55270, which dictate that (1) prison guards can not ~~appeal~~ take an inmates' recreation for violating prison rules, (2) Special Management Unit inmates' recreation may "**not**" be limited, unless the warden determines that "the recreation itself jeopardizes the safety, security, or orderly operation of the institution," and (3) prison officials must conform with Due Process requirements before taking an inmates' recreation privilege. Plaintiff contends that the unwritten policy of taking Special Management Unit inmates' recreation on the spot is contrary to written B.O.P. procedure and should be prohibited by judicial intervention since the Bureau of Prisons refuses to act.

7.

E.(2): what did you claim in your grievance?
            (continued)


b.  Prison officials violated Plaintiff's Due Process rights
     by taking Plaintiff's recreation for violating
     prison rules, without disciplinary proceedings.

c.  Prison officials were not following Bureau of Prisons
     policy by denying Plaintiff recreation for viola-
     ting prison rules.

d.  It is Cruel and Unusual Punishment to deny
     Plaintiff recreation for Multiple Months.

e.  Plaintiff was assaulted by officer Moyer after
     Plaintiff complained to Defendant Moyer about
     being threatened and harassed by other inmates.

## Statement of Claim
8.

1. On or about September 20, 2018, at USP Lewisburg

Plaintiff, a protective custody inmate, was moved from D-Block to G-Block by prison officials in retaliation for Plaintiff getting multiple incident reports for Engaging in Sexual Act. When Plaintiff arrived on the third floor of G-Block, Defendant Hackenburg attempted to place me in the cell with inmate Dayton Poke, who was supposedly a protective custody inmate. Inmate Poke told Defendant Hackenburg that he refused to accept Plaintiff as a cellmate, so lieutenant Kemmerer came to speak with Inmate Poke, at which point Inmate Poke told lieutenant Kemmerer that he did not want Plaintiff in the cell with him. When lieutenant Kemmerer asked why, Plaintiff interjected and said, while other inmates were looking out of their doors, "he already knows that I cooperated with the government because I was already up here (on G-Block) before with him." At that point, lieutenant Kemmerer threatened to put Inmate Poke in restraints if he refused to allow Plaintiff in the cell, but Inmate Poke refused, saying that he would rather be put in restraints. When lieutenant Kemmerer realized that Inmate Poke was not going to allow Plaintiff to enter the cell, lieutenant Kemmerer directed Defendant Hackenburg to put Plaintiff in an empty cell. En route to the cell, Defendant Hackenburg stated, "Since you've told everybody that you're a snitch and we can't put you in the cell with nobody up here, we're going to have to find another way to get you."

9.

2. On or about September 21, 2018, to September 26, 2018, at USP Lewisburg (G-Block)

Defendants Savidge, Steese, Moyer, and Hackenburg walked by Plaintiff's cell without asking if Plaintiff wanted recreation, but Defendants Savidge, steese, Moyer, and Hackenburg asked all the other inmates on the third floor of G-Block if they wanted recreation. On one occasion, while Defendant Savidge was asking inmates if they wanted recreation, Plaintiff asked Defendant Savidge why he never asked Plaintiff if he wanted to attend recreation, to which Defendant Savidge stated, "because you're not going outside." When Defendants Savidge, Steese, Moyer, and Hackenburg would come to escort the inmates outside to recreate, none of the prison guards (Defendants Savidge, Steese, Moyer, and Hackenburg) would come to Plaintiff's cell to escort Plaintiff outside.

3. On or about September 26, 2018, at USP Lewisburg (G-Block)

Plaintiff turned in Informal Resolution Attempt #G149-18 to correctional counselor Diltz. The complaint addressed Defendant Savidge (Plaintiff had not yet discovered the names of Defendants Steese, Moyer, and Hackenburg)

10.

cleliberately denying Plaintiff recreation. Plaintiff re-
quested that the appropriate official(s) intervene to
insure that staff on G-Block no longer take Plain-
tiff's recreation without just cause.

4. On or about September 29, 2018, at USP Lewisburg
(G-Block)

Plaintiff witnessed Defendant Moyer's propensity to en-
gage in malicious behavior toward inmates:

As Plaintiff was being escorted to the shower, Plaintiff
saw and heard Defendant Moyer engaged in a conversa-
tion with an inmate who was in the shower next to
the shower Plaintiff was placed in. Apparently, the in-
mate did not want to return to his cell because he
felt threatened by his cellmate, who the inmate claim-
ed was intimidating him. Defendant Moyer told the
inmate that it would not be smart to refuse to return to
his cell (if it had been a movie, one would have sworn
that Defendant Moyer was the central character, a
mob enforcer that was about to put the finishing
touches on a rival). The inmate kept reiterating that
he did not want any problems with staff, only that he
wanted to be placed in a different cell. Defendant Mo-
yer told the inmate that if he refused to come out of

11.

shower, the inmate would have problems with Defendant Moyer. After a further exchange of words between the inmate and Defendant Moyer, Defendant Moyer told the inmate to finish his shower and think about what Defendant Moyer told him. Defendant Moyer then walked out of the shower with other officers in tow. When the showers were finished, Defendant Moyer returned, approached the inmate's shower, and told him, "I'm going to put you in an empty cell, but on Monday we are going to find you a celimate." The inmate agreed and Defendant Moyer brought the inmate out of the shower. When we were en route to our cells, instead of escorting the inmate to an empty cell, as Defendant Moyer had promised, Defendant Moyer escorted the inmate back to the cell Defendant Moyer said he would move the inmate out of (Defendant Moyer lied to the inmate to get the inmate out of the shower). Plaintiff noticed, while en route to his cell, that there were several guards (Defendant Savidge, Correctional officer Gonzar, Correctional officer Hess) idling about, looking toward Defendant Moyer and the inmate, as if the guards were anticipating something to happen between Defendant Moyer and the inmate. When the inmate told Defendant Moyer, as they stood in front of the cell, that he was not going inside the cell, Defendant Moyer pretended that the inmate was physically resisting and violently slammed the handcuffed in-

Id.

mate on the ground, causing the inmate to scream in pain. At that instant, as if on cue, the idling guards swiftly ran to help Defendant Moyer restrain an already immobilized inmate.

5. On or about September 27, 2018, to October 4, 2018, at USP Lewisburg (G-Block)

Defendants Savidge, Steese, Moyer, and Hackenburg continued to walk by Plaintiff's cell without asking if Plaintiff wanted to attended recreation. When Defendants Savidge, Steese, Moyer, and Hackenburg would come to escort inmates in order to attend recreation, they would not come to Plaintiff's cell to escort Plaintiff to recreation. During this period, there were several times that no prison official came to ask inmates if they wanted to attend recreation, which meant that prison officials (Defendants Savidge, Steese, Moyer, and/or Hackenburg) would pencil in who they wanted to attend recreation; Plaintiff was never included to attend recreation during these days, even though other inmates were escorted to recreation on those days. The days that Defendant Savidge did not inquire about recreation, Defendants Savidge, Steese, Moyer, and Hackenburg did.

6. On or about October 2, 2018, at USP Lewisburg

Defendant Konkle responded to Informal Resolution Attempt #G149-18. Defendant Konkle claimed that Plaintiff was

13.

"not properly prepared" when staff came to inquire about recreation, which meant, according to Defendant Konkle, that Plaintiff "refused" his recreation. Defendant Konkle never mentioned how Plaintiff was "not properly prepared", nor did he reference any Bureau of Prisons policy that supports the "not properly prepared" rule that is referenced.

7. On or about October 5, 2018, at USP Lewisburg (G-Block)

14.

Plaintiff was allowed to recreate. While Plaintiff was outside, in recreation cage #8, inmates in recreation cages across from Plaintiff began threatening and harassing Plaintiff, claiming that Plaintiff was a "rat". When the recreation period was over, Plaintiff was escorted to his cell by Defendant Moyer. As Plaintiff was being escorted to his cell, Plaintiff informed Defendant Moyer that Plaintiff was threatened and harassed by inmates at recreation. By the time Defendant Moyer and Plaintiff reached the stairwell, Defendant Moyer reacted to Plaintiff's complaint by throwing Plaintiff up against the wall, his forearm applying pressure on Plaintiff's neck and his knee applying pressure in between Plaintiff's crotch, telling Plaintiff: "Stop being a bitch. If you wasn't a snitch, you wouldn't have to worry about that, now would you?" Plaintiff pleaded with Defendant Moyer to relinquish the pressure, which provoked Defendant Moyer to apply more pressure. It was not until Defendant Moyer heard keys approaching us that Defendant Moyer released Plaintiff.

8. On or about October 8, 2018, to November 19, 2018, at USP Lewisburg (G-Unit)

Defendants Savidge, Steese, Huckenburg, and other prison officials (names unknown) began denying Plaintiff the opportunity to recreate, maliciously walking by Plaintiff's cell without asking if Plaintiff wanted to recreate. On several occasions, Defendants Savidge and Steese would walk by Plaintiff's cell and say "he's not going" while passing Plaintiff's cell. Defendant Huck

15.

enburg would simply walk by Plaintiff's cell without asking Plaintiff if he wanted recreation. What made the conspiracy (among prison officials on G-Block) to deprive Plaintiff of recreation more pungent was that the days when Defendant Savidge, Defendant Steese, or Defendant Hachenburg did not come around to inquire if inmates wanted recreation, other prison officials (Plaintiff did not keep track of their names) would not ask Plaintiff if he wanted to attend recreation and Plaintiff would not be allowed to participate in recreation.


9. On or about October 9, 2018, at USP Lewisburg (G-Unit)

Plaintiff turned in two Request For Administrative Remedy forms (#956256 and #956132) to correctional counselor Diltz. Grievance #956132-FI was an appeal of Informal Resolution Attempt #G149-18; in the appeal, Plaintiff addressed the inconsistencies in Defendant Konkle's claim that Plaintiff was "not properly prepared" as, if that were true, prison officials could have told Plaintiff what to do to be "prepared" to go to recreation. Grievance #956256-FI addressed Plaintiff being assaulted by Defendant Moyer on October 5, 2018.


10. On or about October 18, 2018, at USP Lewisburg (G-Unit)

· Defendant Ebbert responded to grievance #956132-FI,

16.

Concurring with Defendant Konble — even though there is no B.O.P. policy to support their claim — that if Plaintiff is "not properly prepared (i.e. dressed in [un]altered cloth-ing, cell sanitation)", staff will not wait and document Plaintiff as having refused. Plaintiff's grievance was de-nied.

11. On or about October 21, 2018, at USP Lewisburg (G-Unit)

Plaintiff filed an appeal (#956132-R1) to Defendant Ormand at the Northeast regional office in regard to grievance #956 132-F1. In light of Defendant Ebbert's response, Plaintiff made it known to Defendant Ormand that (a) prison officials at USP Lewisburg were still denying Plaintiff recreation, (b) taking Plaintiff's recreation, on the spot and without Due Process requirements, for violating prison rules ("i.e. dress-ed in [un]altered clothing, cell sanitation") violates Plaintiff's Freedom of Speech and Due Process rights, among other rights, and (c) it would be a travesty to allow a correc-tional officer; as opposed to the disciplinary hearing officer (who is forbidden by B.O.P. policy to sanction a Special Ma-nagement Unit inmate with a loss of recreation), to take Plaintiff's recreation for violating prison rules.

12. On or about October 19, 2018; at USP Lewisburg (G-Block)

Plaintiff turned in Informal Resolution Attempt #G158-18 to correctional counselor Diltz. The grievance concerned

17.

Plaintiff being threatened and harassed by inmates at recreation on October 5, 2018, because inmates were privy that Plaintiff cooperated with the government.

13. On or about October 26, 2018, at USP Lewisburg

Defendant Ebbert responded to grievance #956256-F1, claiming that the "allegations were referred to the proper authority."

14. On or about November 7, 2018, at USP Lewisburg (G-Block)

Plaintiff requested an Informal Resolution Attempt form from correctional counselor Diltz. Correctional counselor Diltz asked Plaintiff what the complaint was about and Plaintiff said "recreation." Correctional counselor Diltz told Plaintiff, "You already filed on that," to which Plaintiff responded, "They aren't letting me go to rec." Correctional counselor Diltz then said, "Well, you complain that somebody's done something to you everytime you go out there, so why should they?" "Because I want to go outside," Plaintiff responded. Correctional counselor Diltz slid the grievance under the door and walked away.

15. On or about November 19, 2018, at USP Lewisburg (G-Block)

Plaintiff turned in Informal Resolution Attempt #G171-18

18.

to correctional counselor Diltz. The grievance concerned Defendants Savidge and Steese maliciously denying Plaintiff the opportunity to recreate from September 20, 2018, to November 19, 2018.

16. On or about November 20, 2018, to December 9, 2018, at USP Lewisburg (G-Block)

Defendants Savidge, Steese, and Hackenburg became even more emboldened in their malicious behavior, sometimes asking Plaintiff if he wanted to go outside, only to say "no" before Plaintiff had the opportunity to respond. Most of the time during this period, the Defedants Savidge, Steese, and Hackenburg would simply walk by Plaintiff's cell without inquiring if Plaintiff wanted to go to recreation, and when it was time to escort inmates to recreation, none of the guards came to Plaintiff's cell to escort Plaintiff to recreation. It was impossible for Defendants to know if Plaintiff was "not properly prepared," because Defendants never came to Plaintiff's door to escort Plaintiff outside.

17. On or about November 29, 2018, at USP Lewisburg

Defendant Ormond responded to grievance #956132-R1, claiming that Plaintiff's "specific" allegations were reviewed" and that Plaintiff has "not provided additional evidence or information" for Defendant Ormond to investigate

19.

further, even though Plaintiff clearly informed Defendant Ormand that prison officials continued to deny Plaintiff recreation and that Defendants Konkle and Ebbert admitted that prison officials took Plaintiff's recreation for violating prison rules. ~~XXXXXXXXXXXX~~

18. On or about November 30, 2018, at USP Lewisburg

Defendant Konkle responded to Informal Resolution Attempt #G171-18. Defendant Konkle claimed that I refused recreation because Plaintiff "was not properly prepared." Defendant Konkle does not explain how Plaintiff was "not properly prepared," nor does he reference any BOP policy that supports such a rule.

19. On or about December 9, 2018, to March 13, 2019, at USP Lewisburg (G-Bloch)

Prison officials, including Defendants Savidge, Condit, Hachenburg, and Langton, continue to deny Plaintiff the opportunity to recreate, walking past Plaintiff's cell each morning without asking Plaintiff if he would like to recreate, nor coming to Plaintiff's cell to escort Plaintiff to recreation.

20. On or about December 12, 2018, at USP Lewisburg (G-Unit)

20.

Plaintiff appeals Informal Resolution Attempt #G171-18 by turning in grievance #963087-F1 to correctional counselor Diltz. The grievance highlighted the ridiculousness of Defendant Konkle's belief that Plaintiff, after three months, would continue to deliberately be "not properly prepared."

21. On or about December 31, 2018, at USP Lewisburg (G-Block)

Defendant Ebbert responded to grievance #963087-F1, concurring with Defendant Konkle that Plaintiff "was not properly prepared" and, as a result, "refused" recreation.

22. On or about January 8, 2019, at USP Lewisburg (G-Block)

Plaintiff appealed grievance #963087-F1 to Defendant Ormand at the northeast regional office, claiming that Plaintiff's repeated cries for assistance from Defendants Konkle, Ebbert, and Ormand had went unanswered as prison officials at USP Lewisburg continued to deny Plaintiff recreation.

23. On or about February 14, 2019, at USP Lewisburg (G-Block)

21.

Defendant Ormand responded to grievance #963087-R1,
claiming that Plaintiff did not provide "any additional
evidence or information" for his office to investigate any
further. In effect, Defendant Ormand agreed with the
investigation, conducted by Defendants Ebbert and
Konkle, that has permitted prison guards to continue
to deprive Plaintiff of his privelege to recreate, under
the guise of the fabricated claim that Plaintiff violated
prison rules (of which Defendants Konkle and Ebbert
never specify): even if one assumes that Plaintiff did
violate a prison rule, there is no B.O.P policy that
would buttress the conclusion that prison guards
were justified in taking Plaintiff's recreation based
on that assumption, and Defendant Ormand should
have known this and acted upon it to correct Defen-
dants Konkle and Ebbert. Plaintiff clearly asked De-
fendant Ormand to "declare the officers' actions in-
appropriate," but Defendant Ormand declined to address
it.


24. On or about November 5, 2018, at USP Lewisburg
(G-Block)

Plaintiff filed an appeal of grievance # 956256-F1,

22.

Claiming that Plaintiff was assaulted by Defendant Moyer in the stairwell of G-Block.

25. On or about December 13, 2018, at USP Lewisburg

Defendant Ormand responded to appeal #956256-R1, claiming that Plaintiff's allegations of being assaulted "were referred for investigation."

26. On or about December 20, 2018, at USP Lewisburg (G-Block)

Plaintiff filed an appeal of grievance #956256-R1 to Ian Connors at the central office of the Bureau of Prisons. Plaintiff claimed that Defendant Moyer assaulted Plaintiff in the Stairwell of G-Block.

27. On or about December 12, 2018, at USP Lewisburg

Plaintiff filed an appeal of grievance #956132-R1 ~~at~~ to Defendant Ian Connors at the central office of the Bureau of Prisons. Plaintiff

23.

claimed that prison officials at USP Lewisburg denied Plaintiff recreation, and Plaintiff requested that Defendant Connors declare prison officials' actions inappropriate.

28. On or about March 4, 2019, at USP Lewisburg (G-Block)

Plaintiff filed an appeal of grievance #963087-R1 to Defendant Connors at the central office of the Bureau of Prison. Plaintiff claimed that prison officials at USP Lewisburg continue to deny Plaintiff recreation and Plaintiff requested that Defendant Connors declare prison officials' actions inappropriate.

29. On or about December 29, 2017, to March 6, 2019, at USP Lewisburg (G-Block, J-Block, D-Block, and X-Block)

Plaintiff witnessed numerous prison guards taking inmates' recreation for a variety of reasons, to include but not be limited to: Yelling underneath the door; milk cartons, fruit, or food in cell; laying on the bunk when the guard arrives; fighting; arguing with a guard;

24.

light covered in cell; clothes line hanging in cell; heating pole covered; bed not made; window(s) covered; pictures on wall; personal belongings not orderly; toilet not flushed; sink not clean; bugs in cell; yelling obscenities at a guard; etc. Prison guards regularly took inmates' recreation in order to punish inmates for violating prison rules, and the prison guards consistently took inmates' recreation because: administrative officials, such as Defendants Ebbert, Konble, Ormond, Connors, John Doe, and the Bureau of Prisons, sanctioned such behavior through their conscious inaction.

30. On or about September 25, 2018, at USP Lewisburg (G-Block)

Plaintiff spoke to inmate Dayton Poke, who wanted Plain-

25.

tiff to be his witness for the incident report Inmate Poke received for not permitting Plaintiff to be his cellmate. Inmate Poke wanted, in particular, Plaintiff to tell the Unit Disciplinary Committee that Plaintiff cooperated with authorities before, which precluded Plaintiff from being able to be Inmate Poke's cellmate because, as Inmate Poke explained it, he would have been forced to attach Plaintiff at the behest of other inmates. Inmate Poke told Plaintiff that prison officials at USP Lewisburg surreptitiously placed him on protective custody after Inmate Poke said that he did not want to be associated with his gang, which, in itself, would not have put Inmate Poke in danger with that gang (Black Disciples). Inmate Poke stated that he never wanted to be on protective custody, and that, in fact, it was malicious to put Plaintiff in the cell with him, especially since Inmate Poke was just recently on J-Block, where Inmate Poke was not on protective custody. Inmate Poke told Plaintiff that since he had been at USP Lewisburg, prison officials had put inmates (who prison officials had a gripe with) in the cell with Inmate Poke in order to intimidate those inmates and/or to have those inmates assaulted. Inmate Poke told Plaintiff that he knew prison officials had malicious intentions, which Inmate Poke had grown tired of entertaining, and that was part of the reason that he refused to be Plaintiff's cellmate. Inmate Poke intimated to Plaintiff that, by surreptitiously putting Inmate Poke on protective custody, prison officials figured they could justifiably put Plaintiff, a protective-custody inmate (who prison officials had a gripe with), in the cell with Inmate Poke, who prison officials calculated would intimidate and/or eventually assault Plaintiff.

26

31. On or about March 6, 2019, at USP Lewisburg

Defendant Connor has not intervened, after Plaintiff
has filed multiple complaints to him concerning Plaintiff's
recreation, to prevent malicious prison guards (Defend-
ants Langton, Savidge, Steese, Condit, Hackenburg,
and Moyer) from taking Plaintiff's recreation without
just cause; nor has Defendant Connor intervened to
prevent administrative officials (Defendants Ebbert,
Konkle, and Ormond) from executing the unwritten
policy of "on the spot" sanctions (recreation) for
violating prison rules.



CERTIFIED M

Inmate Name: Carlton T. Landis
Register Number: 24449-056
United States Penitentiary
P.O. Box 1000
Lewisburg, PA. 17837

7014 2120 0004 47

RECEIVED
SCRANTON

1 3 MAR 2019
V-S

MAR 1 5 2019

PER

DEPUTY CLERK

Office of The
United States Dist
Middle District o
William J. Nealson fe
235 North Wa
P.O. Box
Scranton