IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLTON THEODORE LANDIS,** | : | CIVIL ACTION NO. 1:19-CV-470 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DAVID J. EBBERT**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Carlton Theodore Landis ("Landis"), an inmate who was housed at all relevant times at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this <u>Bivens</u>[1] action on March 6, 2019, asserting that defendants denied him recreation while in the Special Management Unit ("SMU") program, in violation of his First, Fifth, and Eighth Amendment rights. (Doc. 1). Named as defendants are the Federal Bureau of Prisons ("BOP"), Northeast Regional Director Ormond, National Inmate Appeals Administrator Conners, former Regional Director Hurwitz, Warden Ebbert, Captain Konkle, Officer Moyer, and Correctional Officers Langton, Savidge, Condit, Hackenburg, Sienkiewicz, and Steese. Defendants move to dismiss Landis's complaint pursuant

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 54).  We will grant defendants' motion and dismiss Landis's complaint with leave to amend.

## I.     **Factual Background & Procedural History**

Landis alleges that defendants Savidge, Steese, Moyer, Condit, Langton, Hackenberg, and Sienkiewicz denied him recreation while he was housed in the SMU from September 21, 2018 through October 4, 2018, and from October 8, 2018 through June 1, 2019.  (Doc. 1 at 20, 23, 25-26, 29-30, 38; Doc. 9 at 3; Doc. 27 at 1).

On October 5, 2018, Landis participated in recreation and defendant Moyer escorted him back to his cell.  (Doc. 1 at 24-25).  Landis complained to defendant Moyer that other inmates threatened and harassed him during recreation.  (Id. at 25).  Defendant Moyer then allegedly called Landis a snitch, threw him against a wall, and applied pressure to his neck and crotch.  (Id.)

Landis avers that defendants Ebbert, Ormond, Konkle, and Conners were involved in the administrative remedy process, denied his complaints and grievances, and failed to correct the alleged denial of recreation.  (Doc. 1 at 23-24, 26-33, 37-38; Doc. 27 at 1-3).

Landis seeks compensatory and punitive damages based on the alleged mental and emotional stress he suffered due to the lack of recreation.  (Doc. 1 at 16). Landis states that he did not sustain any other injuries that required medical treatment, but suffers from hypertension and anxiety as a result of the lack of exercise.  (Doc. 1 at 5; Doc. 17 at 1-2).

Defendants move to dismiss Landis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 54). The motion is fully briefed and ripe for disposition.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step,

3

"the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**III.   Discussion**

    **A.   Official Capacity Claims**

Defendants argue that Landis's Bivens claims against them in their official capacities are barred by sovereign immunity.  (Doc. 57 at 12-14).

Sovereign immunity bars any claims brought against the defendants in their official capacities.  Specifically, sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Indeed, "[a]n action against government officials in their official capacities constitutes an action against the United States [and is] barred by

sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (nonprecedential); Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007) (nonprecedential).

Bivens does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). Thus, Landis's claims against the defendants in their official capacities are barred by sovereign immunity and will be dismissed with prejudice. Lewal, 289 F. App'x at 516; Webb, 250 F. App'x at 471.

### B.     The Federal Bureau of Prisons is not a Proper Party

Landis names the BOP as a defendant in this action. "However, Bivens only authorizes suit against federal officials in their individual capacities, not the United States and federal agencies." Warren v. United States, 279 F. App'x 162, 163-64 (3d Cir. 2008) (nonprecedential) (*per curiam*) (citing Meyer, 510 U.S. at 473). Accordingly, the BOP is not a proper party in this Bivens action and Landis's claims against the BOP will be dismissed with prejudice.

### C.     Failure to State a Claim Under the Administrative Procedure Act

Landis asserts that he is suing under the Administrative Procedure Act ("APA") in order to compel the BOP to comply with its own policies. (Doc. 1 at 15). The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. There are "two conditions that generally must be satisfied for agency action to be 'final' under the APA": (1) "the action must mark the consummation of the agency's decisionmaking process"; and, (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." United States Army Corps of Eng'rs v. Hawkes Co., Inc., 578 U.S. ___, 136 S. Ct. 1807, 1813 (2016) (quoting Bennett v. Spear, 520 U.S. 154, 177-78 (1997)). If the action is not a "final agency action," 5 U.S.C. § 704, "a plaintiff who challenges such an action cannot state a claim under the APA," and "the action must be dismissed." Chehazeh v. Att'y Gen. of the U.S., 666 F.3d 118, 126 n. 1 (3d Cir. 2012) (internal quotations marks and citations omitted). Landis failed to allege any final agency action that he is challenging. The court will dismiss Landis's claim under the APA with leave to amend the complaint to adequately state a claim.

### D. Lack of Personal Involvement of Defendants Ebbert, Ormond, Konkle, Connors, and Hurwitz

To state a Bivens claim, a plaintiff must demonstrate that the individual was acting under the color of federal law and deprived him of a right secured by the Constitution. Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). "Because vicarious liability is inapplicable to Bivens . . . a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009).

It appears that Landis seeks to hold defendants Ebbert, Ormond, Konkle, and Conner liable based solely upon their responses to his various complaints and grievances. However, the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992). Thus, insofar as Landis's claims against these defendants are premised on their denial of inmate complaints and grievances, dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. See Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (nonprecedential) (holding that allegations that prison officials responded inappropriately to an inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005) (nonprecedential) (concluding that involvement in the post-incident grievance process is not a basis for liability).

7

It also appears that Landis attempts to assert claims against defendants Ebbert, Ormond, Konkle, and Conner based upon their respective supervisory positions. Supervisors, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. at 676. Accordingly, to the extent that Landis's claims against these defendants rely on a *respondeat superior* theory of liability, defendants Ebbert, Ormond, Konkle, and Conner are entitled to dismissal on this ground.

With respect to defendant Hurwitz, Landis fails to set forth any facts establishing his personal involvement in the alleged constitutional violations. Landis appears to assert liability based on defendant Hurwitz's violation of policy. (Doc. 35 at 2). However, a violation of an internal prison policy does not automatically rise to the level of a constitutional violation. "[A] prison policy manual does not have the force of law and does not rise to the level of a constitutional violation." Atwell v. Lavan, 557 F. Supp. 2d 532, 556, n. 24 (M.D. Pa. 2008) (citing Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 154 (3d Cir. 2004)). The Third Circuit has clearly stated that "agency interpretive guidelines 'do not rise to the level of a regulation and do not have the effect of law.'" Mercy Catholic Med. Ctr., 380 F.3d at 155 (citation omitted). Therefore, defendant Hurwitz cannot be liable simply for violating a prison policy. See Estrella v. Hogsten, No. 1:06-CV-1340, 2007 WL 2065879 (M.D. Pa. July 16, 2007)

(holding that mere failure of prison officials to follow their own regulations alone is not a constitutional violation).

For all the foregoing reasons, defendants Ebbert, Ormond, Konkle, Conner, and Hurwitz are entitled to dismissal from this action based on lack of personal involvement in the alleged wrongful conduct.

### E. Denial of Recreation under the First, Fifth, and Eighth Amendments

Landis alleges that defendants Savidge, Steese, Moyer, Condit, Langton, Hackenberg, and Sienkiewicz denied him recreation in retaliation for filing administrative remedies, complaining about being harassed by other inmates, and engaging in sexual acts. (Doc. 1 at 4, 18-19). Landis also alleges that defendants Savidge, Steese, Moyer, Condit, Langton, Hackenberg, and Sienkiewicz denied him recreation for violating prison rules in violation of his Fifth Amendment due process and Eighth Amendment rights. (Id. at 20, 23, 25-27, 29, 30, 32).

In Bivens, the Supreme Court recognized that a plaintiff may bring a damages claim against a federal official for violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches, even though no federal statute authorized such a claim. Bivens, 403 U.S. at 397. Post-Bivens, the Supreme Court has only recognized an implied damages remedy against a federal official in two other circumstances: under the Fifth Amendment Due Process Clause for gender discrimination, Davis v. Passman, 442 U.S. 228, 245 (1979), and under the Eighth Amendment's prohibition on cruel and unusual punishment for inadequate medical care, Carlson v. Green, 446 U.S. 14, 18-23 (1980).

9

In the absence of Supreme Court extensions of the implied damages remedy under Bivens, lower federal courts had the power to extend Bivens to new fact situations as appropriate. Mack v. Yost, 968 F.3d 311, 319 (3d Cir. 2020). However, in Ziglar v. Abbasi, 582 U.S. ___, 137 S. Ct. 1843 (2017), the Supreme Court cautioned that "expanding the Bivens remedy is now a 'disfavored' judicial activity" and that decisions of whether to recognize new causes of action should generally be left to Congress. Id. at 1857 (quoting Iqbal, 556 U.S. at 675). Ziglar is a watershed case in prisoner litigation, and it must be followed to the exclusion of prior court of appeals precedent.

Ziglar set forth a two-part test to determine whether a Bivens claim may proceed. Id. First, courts must determine whether the case presents a new Bivens context. See id. at 1859. "If the case is different in a meaningful way from previous Bivens cases decided by th[e] [Supreme] Court, then the context is new." Id. Second, if the case presents a new context, a court must then consider whether any alternative remedies exist. Id. at 1859-60. Even absent alternative remedies, a court must also consider whether special factors counsel against extending the Bivens remedy. Id.

Here, it is clear that Landis's claims present new contexts to which Bivens has never been extended. Landis alleges that defendants Savidge, Steese, Moyer, Condit, Langton, Hackenberg, and Sienkiewicz retaliated against him in violation of the First Amendment, and that the denial of recreation violated his due process rights under the Fifth Amendment and constituted unconstitutional conditions of

confinement under the Eighth Amendment. The Supreme Court has never recognized a Bivens cause of action under any of these theories. Indeed, the United States Court of Appeals for the Third Circuit has repeatedly held that Bivens may not be extended to First Amendment retaliation claims in the prison context. See Bistrian v. Levi, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized Bivens remedy[.]"); Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a Bivens action under any clause of the First Amendment."); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 139-40 (3d Cir. 2018) (nonprecedential) (affirming the dismissal of a First Amendment retaliation claim brought by a federal prisoner against correctional staff). Additionally, Landis's Fifth Amendment due process and Eighth Amendment conditions of confinement claims relate to the alleged denial of recreation. These claims are strikingly different from the Fifth Amendment gender discrimination claim in Davis and the Eighth Amendment inadequate medical care claim in Carlson. See Bistrian, 912 F.3d at 94 (holding that although Davis and Carlson extended Bivens to the Fifth and Eighth Amendments, respectively, they only addressed gender discrimination and inadequate medical care claims, and "even if there are 'significant parallels to one of the Court's previous Bivens cases,' 'a modest extension is still an extension.'" (quoting Ziglar, 137 S. Ct. at 1864)); see also Hernandez v. Mesa, 589 U.S. ___, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was

11

previously recognized."); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001) (The Supreme Court has "consistently refused to extend Bivens liability to any new context or new category of defendants" beyond alleged violations by federal actors of the Fourth Amendment, Fifth Amendment Due Process Clause, or Eighth Amendment Cruel and Unusual Punishments Clause).

Because Landis's claims present new contexts, the court must determine whether there are any special factors that counsel hesitation in extending Bivens. Mack, 968 F.3d at 317. There may be many special factors, but two are "'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." Id. at 320 (quoting Bistrian, 912 F.3d at 90).

Landis had access to the BOP administrative remedy process, and he pursued several administrative remedies. See id. at 320-21 (finding that the BOP's grievance process provided alternative remedial structure). "Although the alternative remedy would not provide [Landis] with money damages for the constitutional violation incurred," it could still provide injunctive relief. Id. at 321. Additionally, separation of powers concerns caution against expanding Bivens to this case. Landis alleges that defendants improperly denied him recreation, a determination that is clearly delegated to the BOP. See id. at 321-22 (noting that courts "have afforded a level of deference to the decision making of prison officials" and should proceed with caution before extending Bivens to decisions that have been delegated to the BOP).

The court finds that Landis's First, Fifth, and Eighth Amendment claims relating to the denial of recreation present new contexts to which Bivens has not previously been extended, and special factors counsel against extending Bivens to those new contexts. As such, the court declines to extend Bivens to these claims.

### F.     Eighth Amendment Excessive Force Claim

Landis sets forth an Eighth Amendment excessive force claim based on the October 5, 2018 incident with defendant Moyer. (Doc. 1 at 24-25).

The Eighth Amendment protects prisoners from cruel and unusual punishment, including "the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); see also U.S. CONST. amend. VIII. To prevail on an Eighth Amendment claim, an inmate must show: (1) a deprivation that is objectively sufficiently serious; and, (2) "a sufficiently culpable state of mind" of the defendant official. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

An Eighth Amendment challenge asserting excessive force is subject to a malicious and sadistic standard. See Zimmerman v. Schaeffer, 654 F. Supp. 2d 226, 247 (M.D. Pa. 2009) (citing Hudson, 503 U.S. at 6-7). The inquiry under this standard is whether prison officials applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6 (citations and quotations omitted); see also Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000). In an excessive force case, a prisoner need not show significant injury; however, *de*

*minimis* uses of physical force are insufficient to establish an Eighth Amendment violation.  Hudson, 503 U.S. at 9-10.

The Supreme Court has noted the following factors to determine whether a correctional officer used excessive force in contravention of the Eighth Amendment: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.  Whitley, 475 U.S. at 319; see also Giles v. Kearney, 571 F.3d 318, 327 (3d Cir. 2009) (same).

Landis alleges that on October 5, 2018, he participated in recreation and defendant Moyer escorted him back to his cell.  (Doc. 1 at 24-25).  During this transport, Landis complained to defendant Moyer that other inmates threatened and harassed him during recreation.  (Id. at 25).  In response, defendant Moyer allegedly threw Landis against a wall, applied pressure to his neck and crotch, and called him a snitch.  (Id.)  Defendant Moyer then released Landis.  (Id.)  These assertions fail to support an Eighth Amendment excessive force claim.

Landis does not state that he sustained *any* injury during this interaction, he fails to address or assert defendant Moyer's culpable state of mind, and also fails to address whether defendant Moyer made any effort to temper the severity of his actions.  Whitley, 475 U.S. at 319; see also Giles, 571 F.3d at 327.  Thus, Landis's

allegations, as presently stated, fail to state an Eighth Amendment excessive force claim. The court will dismiss this claim without prejudice to Landis filing an amended complaint.

### G. Qualified Immunity

Even if Landis had stated a colorable constitutional claim, the defendants are nevertheless entitled to qualified immunity from this claim for damages. In order to establish a civil rights claim, Landis must show the deprivation of a right secured by the United States Constitution or the laws of the United States. However, government officials performing "discretionary functions," are insulated from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475

U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012) (citing Pearson, 555 U.S. at 244). Although qualified immunity is generally a question of law that should be considered at the earliest possible stage of proceedings, a genuine dispute of material fact may preclude summary judgment on qualified immunity. Giles, 571 F.3d at 325-26.

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two Saucier prongs should be addressed first). As stated, the court finds that Landis failed to establish the violation of a constitutional right. Defendants simply could not have recognized that the denial of recreation to an inmate, or the *de minimis* use of physical force, would violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Wilson, 526 U.S. at 609. Therefore, defendants are protected from liability by qualified immunity.

## IV. **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d

113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth above, Landis's official capacity claims, claims against the Federal Bureau of Prisons, claims against defendants Ebbert, Ormond, Konkle, Conner, and Hurwitz, and the denial of recreation claim under the First, Fifth, and Eighth Amendments are legally and factually flawed and thus incurable.  The court concludes that curative amendment would be futile with respect to these claims.  However, Landis will be granted leave to amend with respect to his Administrative Procedure Act Claim, and his Eighth Amendment excessive force claim against defendant Moyer.

## V. Conclusion

We will grant defendants' motion (Doc. 54) to dismiss.  The court will afford Landis an opportunity to file an amended complaint in the event he can state a plausible claim for relief.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 30, 2020