# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLTON THEODORE LANDIS,** | **:** | **Civil No. 1:19-CV-470** |
| **Plaintiff** | **:** | |
| | **:** | |
| **v.** | **:** | **(Conner, J.)** |
| | **:** | |
| **DAVID J. EBBERT, et al.,** | **:** | |
| **Defendants.** | **:** | **(Filed Electronically)** |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION
# TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

s/ Melissa A. Swauger
Melissa A. Swauger
Assistant United States Attorney
PA 82382
Cristina M. Guthrie
Paralegal Specialist
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Phone: (717) 221-4482
Facsimile: (7171) 221-4493
Melissa.Swauger@usdoj.gov

Date:   October 7, 2021

# Table of Contents

I.      Introduction ................................................................................... 1

II.     Procedural History ......................................................................... 1

III.    Factual Allegations ........................................................................ 3

IV.     Questions Presented ....................................................................... 3

V.      Argument ....................................................................................... 4

        I.      Sovereign immunity bars the court's subject matter jurisdiction over
                Senior Officer Moyer in his official capacity and this Court Lacks
                subject matter jurisdiction over Landis' tort claims ................................ 4

                a.      Legal Standard .......................................................... 4

                b.      Landis' official capacity claim against Senior Officer Moyer is
                        barred ...................................................................... 5

                c.      Landis' tort claims can only be raised against the United States
                        ................................................................................ 6

        II.     The court should dismiss Landis' APA claim for failure to state a
                claim, dismiss the BOP as it is an improper *Bivens* defendant, and
                decline to imply *Bivens* remedy regarding Landis' excessive force
                claims under the Eighth Amendment ......................................... 7

                a.      Legal Standard .......................................................... 7

                b.      Landis' APA claim fails because he failed to challenge a final
                        agency action ........................................................... 8

                c.      The court should dismiss the Federal Bureau of Prisons from
                        the amended complaint because the BOP is not a proper
                        defendant in a *Bivens* Action ...................................... 9

                d.      The court should decline to imply a *Bivens* remedy for Landis'
                        excessive force claims under the Eighth Amendment ............... 9

III.     Alternatively, the court should enter judgment in Senior Officer Moyer's favor because Landis failed to demonstrate the requisite amount of force necessary to implicate the Eighth Amendment and Senior Officer Moyer is entitled to qualified immunity.........................16

          a.     Legal Standard ............................................................16

          b.     Senior Officer Moyer is entitled to summary judgment because Landis failed to demonstrate the amount of force necessary to implicate the Eighth Amendment or Senior Officer Moyer acted with a malicious or sadistic intent  ...........................................17

          c.     Alternatively, Senior Officer Moyer's conduct was objectively reasonable and lawful; therefore, he is entitled to qualified immunity ..................................................................21

VI.     Conclusion ..................................................................24

## Table of Authorities

## Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................ 16

*Arar v. Ashcroft*,
    585 F.3d 559 (2d Cir. 2009) (en banc) ........................... 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................... 8

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) ................................................. 7-8, 8

*Bennett v. Spear*,
    520 U.S. 154 (1997) ......................................................... 9

*Bivens v. Six Unknown Fed. Narcotics Agents*,
    403 U.S. 388 (1971) .................................................. 5, 10

*Blair v. Scott Specialty Gases*,
    283 F.3d 595 (3d Cir. 2002) ........................................... 17

*Bush v. Lucas*,
    462 U.S. 367 (1983) ....................................................... 12

*Caldwell v. Luzerne County Correctional Facility Management*,
    732 F. Supp. 2d 458 (M.D. Pa. 2010) ...................... 19, 20

*Carlson v. Green*,
    446 U.S. 14 (1980) ......................................................... 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................... 17

*Chappell v. Wallace*,
    462 U.S. 296 (1983) ................................................. 12-13

*Corr. Servs. Corp. v. Malesko*,
    534 U.S. 61 (2001) ............................................................................ 13-14

*Curley v. Klem*,
    499 F.3d 211 (3d Cir. 2007) ............................................................. 23

*Davis v. Passman*,
    442 U.S. 228 (1979) .......................................................................... 10

*Douglas v. U.S.*,
    285 F. App'x 955 (3d Cir. 2008) ........................................................ 9

*FDIC v. Meyer*,
    510 U.S. 471 (1994) ............................................................................ 5

*Feaster v. Federal Bureau of Prisons*,
    366 F. App'x 322 (3d Cir. 2010) ........................................................ 7

*Fed. Realty Inv. Trust v. Juniper Props. Group*,
    No. 99-3389, 2000 WL 45996 (E.D. Pa. Jan. 21, 2000) ..................... 4

*First Nat'l Bank of AZ. v. Cities Serv. Co.*,
    391 U.S. 253 (1968) .......................................................................... 17

*Forbes v. Reno*,
    893 F. Supp. 476 (W.D. Pa. 1995) ...................................................... 6

*Graham v. Connor*,
    490 U.S. 386 (1989) .......................................................................... 19

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) .......................................................................... 21

*Haydo v. Amerikohl Mining, Inc.*,
    830 F.2d 494 (3d Cir. 1987) ................................................................ 4

*Howell v. Cataldi*,
    464 F.2d 272 (3d Cir. 1972) ........................................................... 18-19

*Hudson v. McMillian*,
 503 U.S. 1 (1992) ....................................................................... 18, 19

*Hunter v. Bryant*,
 502 U.S. 224 (1991) ............................................................................ 22

*In re Orthopedic Bone Screw Product Liab. Litig.*,
 264 F.3d 344 (3d Cir. 2001) ............................................................... 6

*Inmates of Suffolk County Jail v. Rouse*,
 129 F.3d 649 (1st Cir. 1997) ............................................................. 14

*Ins. Co. v. Du Fresne*,
 676 F.2d 965 (3d Cir. 1982) ............................................................... 17

*Johnson v. Glick*,
 481 F.2d 1028 (2d Cir. 1973) ....................................................... 18, 19

*Jones v. United Parcel Serv.*,
 214 F.3d 402 (3d Cir. 2000) .............................................................. 17

*Kentucky v. Graham*,
 473 U.S. 159 (1985) ......................................................................... 5, 6

*Loeffler v. Frank*,
 486 U.S. 549 (1988) ............................................................................ 5

*Lujan v. National Wildlife Fed'n*,
 497 U.S. 871 (1990) ......................................................................... 8, 9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ........................................................................... 17

*Monell v. Dep't of Soc. Serv.*,
 436 U.S. 658 (1978) ........................................................................... 15

*Packard v. Provident Nat'l Bank*,
 994 F.2d 1039 (3d Cir. 1993) .............................................................. 4

*Pearson v. Callahan*,
129 S. Ct. 809 (2009)  ......................................................................... 22

*Porter v. Nussle*,
534 U.S. 516 (2002)  ........................................................................... 14

*Reynolds v. BOP, No 09-3096*,
2010 WL 744127 (Ed. Pa. Mar. 2, 2010)  ............................................ 9

*Saucier v. Katz*,
533 U.S. 194 (2001)  ........................................................................... 21

*Scott v. Harris*,
550 U.S. 372 (2007)  ........................................................................... 16

*Sharrar v. Felsing*,
128 F.3d 810 (3d Cir. 1997)  ............................................................... 23

*Skinner v. Switzer*,
562 U.S. 521 (2011)  ........................................................................... 16

*Steel Co. v. Citizens for Better Env't*,
523 U.S. 83 (1998)  ............................................................................... 5

*United States v. Diebold, Inc.*,
369 U.S. 654 (1962)  ........................................................................... 16

*United States v. Testan*,
424 U.S. 392 (1976)  ............................................................................. 5

*Vanderklok v. United States*,
868 F.3d 189–200 (3d Cir. 2017)  ............................................ 10-11, 11

*Whitley v. Albers*,
475 U.S. 312 (1986)  ..................................................................... 18, 19

*Wilkie v. Robbins*,
551 U.S. 537 (2007)  ........................................................................... 13

*Williamson v. USDA*,
   815 F.2d 368 (5th Cir. 1987) ............................................................... 5

*Wilson v. Layne*,
   526 U.S. 603 (1999) .......................................................................... 24

*Woodford v. Ngo*,
   548 U.S. 81 (2006) ............................................................................ 14

*Zigler v. Abbasi,*
   137 S. Ct. 1843 (2017) ........................................... 10, 11, 12, 13, 15

*Zierke v. United States:CV-14-0350,*
   2016 WL 1189399 (M.D.Pa. Mar. 22, 2016) .................................... 7

## **Statutes**

5 U.S.C. § 704 .................................................................................... 9
28 U.S.C. § 2675 ................................................................................ 6
28 U.S.C. §§1346, 2674, 2679 ........................................................... 7
34 U.S.C. § 30301 ............................................................................ 15
42 U.S.C. § 1983 .............................................................................. 15
42 U.S.C. § 1997e ............................................................................ 14

## **Rules**

Fed.R.Civ.P. 12 ............................................................................. 4, 7
Fed.R.Civ.P. 56 .............................................................................. 16
Local Rule 7.5 .................................................................................. 3

## I.   Introduction

Carlton Theodore Landis, an inmate formerly incarcerated at the United States Penitentiary in Lewisburg (USP Lewisburg), filed an amended complaint alleging a claim under the Administrative Procedures Act (APA) against the Bureau of Prisons (BOP), an excessive force claim against Senior Officer Moyer, and tort claims. (Doc. 78 at 12-17 of 22; doc. 89 at 3 of 7.)

Defendants filed a motion to dismiss because: (1) sovereign immunity bars this Court's subject matter jurisdiction over Landis' official capacity claim against Senior Officer Moyer; (2) tort claims may only be raised against the United States; (3) Landis failed to state a claim against the BOP under the APA; (4) BOP is an improper party to a *Bivens* claim; and (5) the court should decline to imply a *Bivens* remedy regarding Landis' excessive force claim under the Eighth Amendment.

Alternatively, defendants filed a motion for summary judgment because Landis failed to demonstrate the amount of force necessary to implicate the Eighth Amendment and that Senior Officer Moyer acted with a malicious or sadistic intent; and Senior Officer Moyer is entitled to quailed immunity.

## II.   Procedural History

On March 15, 2019, Landis filed his complaint against the BOP and 12 BOP staff members. (Doc. 1.)   On April 1, 2019, Landis filed a motion to amend his complaint, which was granted by court order on June 14, 2019.   (Docs. 9, 23.)   On

June 14, 2019, Landis filed a motion to amended complaint, which was granted by the court.   (Docs. 17, 23.)

On June 26, 2019, Landis filed a motion to amend his complaint and a motion to amend summons.   (Docs. 25, 27.)   On June 28, 2019, the court granted Landis' motion to amend complaint and motion to amend summons.   (Doc. 31.)

On July 12, 2019, Landis filed a fourth motion to amend complaint, which was granted on July 18, 2019.   (Docs. 35, 38.)

Following enlargements of time, defendants filed a motion to dismiss on January 13, 2020.   (Doc. 54.)   On September 30, 2020, this Court granted the defendants' motion to dismiss all defendants and claims but permitted Landis an opportunity to file an amended complaint against Senior Officer Moyer with regard to his excessive force claim and against the BOP with regard to the APA claim. (Docs. 76-77.)

On October 22, 2020, Landis filed his amended complaint.   (Doc. 78.)   On November 5, 2020, defendants filed a motion to dismiss and for summary judgment. (Doc. 79.)   On November 17, 2020, defendants filed their brief in support of their dispositive motion and statement of material facts.   (Docs. 82-83.)

In response to defendants' motion and to "correct deficiencies," on December 28, 2020, Landis filed an amended complaint. (Doc. 89 at 4 of 7).   In his amended complaint, Landis asserts claims of negligence, negligent infliction of emotion

distress, and assault and battery against the BOP and Senior Officer Moyer.   (Id. at 3 of 7.)

On September 9, 2021, this Court dismissed as moot, but without prejudice, defendants' motion to dismiss and for summary judgment, adding that defendants could "renew the motion as to the additional claims set forth in plaintiff's amendment."   (Doc. 112 at 2.)

On September 23, 2021, defendants filed their motion to dismiss or, in the alternative, for summary judgment. (Doc. 115.)   This brief in support is being filed in accordance with Local Rule 7.5.

### III.   Factual Allegations

Landis alleges that on October 5, 2018, while he was being escorted back to his cell, Senior Officer Moyer threw him against the wall and applied pressure to Landis' neck and crotch.   (Doc. 78 at 12 of 22.)   Landis alleges he suffered soreness; bruising; and swelling to his testicles, buttocks, and inner thighs, causing him to have to hobble about for days after the assault.   (Id. at 16 of 22).

Landis further alleges that his recreation was revoked and he is seeking relief under the APA for the alleged wrongful denial of recreation.   (Id. at 13-14, 16 of 22.)

### IV.   Questions Presented

I.   Should the court dismiss the official capacity claim against Senior Officer Moyer and tort claims because this Court lacks subject matter

3

jurisdiction over such claims?

II.   Should the court dismiss Landis' APA claim against the BOP for his
      failure to state a claim, Landis' *Bivens* claims against the BOP because
      the BOP is an improper party, and decline to imply a *Bivens* remedy
      regarding Landis' excessive force claim under the Eighth Amendment?

III.  Alternatively, should the court enter judgment in Senior Officer
      Moyer's favor because Landis failed to demonstrate the amount of
      force necessary to implicate the Eighth Amendment or Senior Officer
      Moyer acted with a malicious and sadistic intent and Senior Officer
      Moyer is entitled to qualified immunity?

## V.   Arguments

## I.   Sovereign immunity bars the court's subject matter jurisdiction over Senior Officer Moyer in his official capacity and this Court lacks subject matter jurisdiction over Landis' tort claims.

### A.   Legal standard.

A plaintiff bears the burden of establishing that the district court has subject

matter jurisdiction over the claims raised in the complaint.   *Packard v. Provident*

*Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).   When ruling on a Rule 12(b)(1)

motion, "the district court must accept as true the allegations contained in the

plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain

facts."   *Fed. Realty Inv. Trust v. Juniper Props. Group*, No. 99-3389, 2000 WL

45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing *Haydo v. Amerikohl Mining, Inc.*, 830

F.2d 494, 496 (3d Cir. 1987)).   The court may weigh any evidence to satisfy itself

that it does or does not have subject matter jurisdiction, but it cannot consider the

merits of an action until it is satisfied that the dispute falls within the class of cases or controversies to which "Article III, § 2, of the Constitution extends the 'judicial power' of the United States." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102 (1998).

### B.   Landis' official capacity claim against Senior Officer Moyer is barred.

Landis alleges he is suing Senior Officer Moyer in his official and individual capacities. (Doc. 78 at 16 of 22.)   In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court implied a cause of action for damages against federal employees, *as individuals*, for the violation of constitutional rights. A suit against a federal employee in his or her official capacity is essentially a suit against the United States.   *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

"The doctrine of sovereign immunity is inherent in our constitutional structure . . . . and renders the United States, its departments, and its employees . . . immune from suit except [where] the United States has consented to be sued." *Dep't of Williamson v. USDA*, 815 F.2d 368, 373 (5th Cir. 1987); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).   Thus, absent an express congressional waiver of sovereign immunity, the United States cannot be sued.   *United States v. Testan*, 424 U.S. 392, 399 (1976).

"The doctrine of sovereign immunity applies to individual officers sued in their official capacity because an official capacity suit is 'only another way of

pleading an action against an entity of which an officer is an agent.'"  *Forbes v. Reno*, 893 F. Supp. 476, 481 (W.D. Pa. 1995) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).   Accordingly, this Court lacks subject matter jurisdiction over any alleged constitutional claim against Senior Officer Moyer in his official capacity and such claim should be dismissed for lack of jurisdiction.

### C. Landis' tort claims can only be raised against the United States.

Landis is suing the BOP and Senior Officer Moyer for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and assault and battery. (Doc. 89 at 3 of 7.) The only proper defendant to Landis' tort claims is the United States of America, which is not a party here. As such, Landis' tort claims must be dismissed against defendants BOP and Officer Moyer for lack of subject matter jurisdiction.

The Federal Tort Claims Act (FTCA) "provides a mechanism for bringing a state law tort action against the federal government in federal court" and the "'extent of the United States' liability under the FTCA is generally determined by reference to state law.'" *In re Orthopedic Bone Screw Product Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001) (quoting *Molzof v. United States*, 502 U.S. 301, 305 (1992)); *see also* 28 U.S.C. §2675(a) (The FTCA governs claims for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.").

The only properly named defendant to a FTCA claim is the United States of America. *See* 28 U.S.C. §§1346, 2674, 2679; *see also Feaster v. Federal Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) (holding "[t]he only proper defendant in an FTCA suit is the United States itself."). An agency or employee of the government is not a proper defendant to an FTCA action. *See Zierke v. United States*, 3:CV-14-0350, 2016 WL 1189399, at *4 (M.D.Pa. Mar. 22, 2016) ("All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. The only proper party in an FTCA action is the United States of America.") (citations omitted).

Because Landis does not want to proceed under the FTCA, he cannot assert his tort claims. (Doc. 89 at 3 of 7). As such, this Court lacks subject matter jurisdiction over Landis' tort claims, which should be dismissed against the defendants.

II.  **The court should dismiss Landis' APA claim for failure to state a claim, dismiss the BOP as it is an improper *Bivens* defendant, and decline to imply a *Bivens* remedy regarding Landis' excessive force claims under the Eighth Amendment.**

A.  **Legal standard.**

A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic v.*

7

*Twombly*, 550 U.S. 544, 570 (2007).   As the Supreme Court held in *Twombly*, a plaintiff is required to provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Id.*)   "Factual allegations must be enough to raise a right to relief above the speculative level." (*Id.*)   Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . .   Where a complaint pleads facts that are 'merely consistent with' the defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 557).

### B.   Landis' APA claim fails because he failed to challenge a final agency action.

Landis alleges he is suing the BOP under the APA to get the BOP to comply with its own policies regarding recreation.   (Doc. 78 at 14 of 22.)   Landis' APA claim must fail because he does not challenge a "final agency action for which there is no other adequate remedy in court." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (finding that review sought under the general review provisions of the APA must be of a final agency action).   To be sure, Landis' amended complaint is devoid of any facts alleging any final agency action that he is challenging.   (Doc. 78, at 14-15 of 22.)

Final agency actions are those which (1) mark the consummation of the

8

agency's decision-making process, and (2) by which rights of obligations have been determined or legal consequences will flow. *Bennett v. Spear*, 520 U.S. 154, 178 (1997). Absent a specific and final agency action, there is no jurisdiction to consider a challenge to agency conduct. *See Lujan*, 497 U.S. at 890; 5 U.S.C. § 704. Because Landis failed to allege any final agency action he is challenging, his claim under the APA should be dismissed from the amended complaint.

### C. The court should dismiss the Federal Bureau of Prisons from the amended complaint because the BOP is not a proper defendant in a *Bivens* Action.

The BOP should be dismissed as a defendant in this suit since Folk cannot bring a *Bivens* civil rights action against the BOP or any federal agency. *Douglas v. U.S.*, 285 F.App'x 955 (3d Cir. 2008). As the court stated in *Reynolds v. BOP*, No 09-3096, 2010 WL 744127 (Ed. Pa. Mar. 2, 2010) (Bartle, J.)(copy attached):

> While a *Bivens* action may proceed against the … individual defendants, the Supreme Court held that a Bivens action cannot be maintained against a federal agency. Thus, count one will be dismissed against the BOP and Office of Inspector General on sovereign immunity grounds. It is well settled that the United States Government and its agencies are immune from suit absent a waiver. No waiver has occurred here.

Id. at *3 (citation omitted). Therefore, because the BOP is not a proper defendant in a *Bivens* action, the BOP should be dismissed from this action.

### D. The court should decline to imply a *Bivens* remedy for Landis' excessive force claims under the Eighth Amendment.

Here, Landis is attempting to extend *Bivens* to his excessive force claims. (*See*

Docs. 1, 78, 89.) Courts may no longer assume without deciding that a *Bivens* action exists for a particular alleged constitutional violation. To the contrary, in 2017 the Supreme Court, in *Ziglar v. Abbasi*, significantly curtailed the availability of such remedies, confining their continued existence to three narrow sets of circumstances. 137 S. Ct. 1843 (2017). The Supreme Court ruled that, going forward, *Bivens* actions exist only in those limited circumstances: *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (creating a remedy for a search and seizure violative of the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (creating a *Bivens* action under the Due Process Clause for gender discrimination); and *Carlson v. Green*, 446 U.S. 14 (1980) (creating a cause of action under the Eighth Amendment for denial of medical treatment to a prisoner). If presented with a case that is "meaningfully different" from all three, then a court has no choice but to conclude that no *Bivens* remedy currently exists. *Abbasi*, 137 S. Ct. at 1860.

1. **Landis' excessive force claim against Senior Officer Moyer arises in new *Bivens* context.**

Courts now must treat as "new" any case whose context is "meaningfully different" from those three and proceed with a prescribed analysis to consider whether to create formally, for the first time, a Bivens remedy for such "new" context. The proper benchmark for evaluating "new context" are the decisions in which the Supreme Court itself has considered the question — *Bivens*, *Davis*, and *Carlson*. *See Abbasi*, 137 S. Ct. at 1860; *see also, e.g.*, *Vanderklok v. United States*,

10

868 F.3d 189, 199–200 (3d Cir. 2017) (explaining that the Third Circuit's "past pronouncements" on the availability of a *Bivens* remedy are "not controlling" post-*Abbasi* and that it must "look at the issue anew").   The *Abbasi* Court emphasized that the new-context inquiry goes beyond the constitutional right at issue, i.e. the Eighth Amendment.   *See Abbasi*, 137 S. Ct. at 1859; *see also, Vanderklok*, 868 F.3d at 207 n.21.   And "even a modest extension is still extension" of *Bivens* requiring a court to consider whether special factors counsel hesitation.   *Abbasi*, 137 S. Ct. at 1864.

The *Abbasi* Court offered a non-exhaustive list of factors for courts to consider when determining whether a claim presents a new context different than those presented in *Bivens*, *Davis*, and *Carlson* as follows:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1860.

Although *Carlson* arose under the Eighth Amendment and in the context of federal prisons, the purported constitutional violation – a failure to treat an inmate's asthma attack that resulted in his death – is distinguishable from Landis' claim that

on October 5, 2018, Senior Officer Moyer was escorting him from recreation and when Landis said he was threatened and harassed by inmates, Senior Officer Moyer placed him against the wall in a stairwell applying pressure to his neck and crotch.  (Doc. 1 at 24-25; Doc. 78 at 12 of 22.)   As such, Landis' excessive force claim is a new context from the Supreme Court's three cases recognizing an implied civil action for violations of the Constitution in *Bivens*, *Davis*, and *Carlson*. Therefore, the court must consider whether any special factors counsel hesitation before recognizing a personal damages remedy in this context in the absence of congressional authority.

### 2.      Special factors counsel hesitation.

"[I]t is a significant step under separation-of-powers principles for a court to" accept Landis' invitation to "create and enforce a cause of action for damages against federal officials." *Abbasi*, 137 S. Ct. at 1856. At bottom, as the Court has explained, "[t]he question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" (*Id.* at 1857) (quoting *Bush v. Lucas,* 462 U.S. 367, 380 (1983)). "The answer most often will be Congress." (*Id.*; *see also id.* at 1858) ("[T]o be a 'special factor counselling hesitation,' a factor must" only "cause a court to hesitate[.]"). Furthermore, as *Abbasi* demonstrates, "special factors" must be considered in the *aggregate*.  (*See id*. at 1857–58, 1860–63; *accord Chappell v. Wallace*, 462 U.S. 296, 304 (1983) (explaining that "[t]aken together, the unique

disciplinary structure of the Military Establishment and Congress' activity in the field constitute 'special factors'")).   Taken together, the "special factors" present in this case more than suffice to "cause a court to hesitate" before extending *Bivens* into the new contexts presented in Landis' claim.   *Abbasi*, 137 S. Ct. at 1858; *see also Arar v. Ashcroft*, 585 F.3d 559, 574 (2d Cir. 2009) (*en banc*) ("Hesitation is a pause, not a full stop, or an abstention; and to counsel is not to require.   'Hesitation' is 'counseled' whenever thoughtful discretion would pause even to consider.").

### a.   Alternative processes exist to vindicate Landis' rights.

When deciding "whether to recognize a *Bivens* remedy," courts should first consider "whether any alternative existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). *Abbasi* reaffirmed this basic principle and built upon it: "if there is an alternative remedial structure present in a certain case, that *alone* may limit the power of the Judiciary to infer a new *Bivens* cause of action." 137 S. Ct. at 1858 (emphasis added); *see also id.* at 1863 ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not."). Here, outside of the *Bivens* context, Landis had, and still has, "*some* procedure to defend and make good on his position." *Wilkie*, 551 U.S. at 552 (emphasis added); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress,

bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").

Here, Landis has the BOP administrative remedy process available to him. While Landis may have not been satisfied with the responses he received, that does not mean he did not have alternative process. Also, he can file a claim under state tort law, seeking state-law damages remedies against the United States (or individual federal employees who act outside the scope of their federal employment).

### b. Additional special factors counsel hesitation here.

The prisoner litigation context is its own special factor, primarily because Congress has repeatedly declined opportunities to fashion causes of action against government officials for inmates alleging constitutional violations. Approximately 15 years after the Supreme Court implied a *Bivens* remedy of inmates alleging deprivation of medical care in *Carlson*, Congress passed the Prison Litigation Reform Act (PLRA) of 1995, see 42 U.S.C. § 1997e, to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Congress designed the PLRA's provisions to "bring . . . under control" the "sharp rise in prisoner litigation in the federal courts," Woodford v. Ngo, 548 U.S. 81, 84 (2006), and to "oust the federal judiciary from day-to-day prison management," *Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 655 (1st Cir. 1997).

What the PLRA notably does *not* "provide [is] a standalone damages remedy

against federal jailers." *Abbasi,* 137 S. Ct. at 1865.   And it is not as though the PLRA was Congress' only occasion to do so.   Congress had yet another post-*Carlson* opportunity to create a cause of action for inmates when it passed the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301, *et seq.*   It declined to do so.   In fact, as far back as the Civil Rights Act of 1871 – when Congress first created a federal remedy against *state* actors who violate constitutional rights (later codified at 42 U.S.C. §  1983) – Congress had the opportunity but declined to create a right against *federal* actors.   *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

Congress' silence must control. "When a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis." *Abbasi*, 137 S.Ct. at 1857. "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress."   *Id.*   "In most instances, the Court's precedents now instruct, the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* (internal quotations removed). "In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy . . ., the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature of federal-court jurisdiction under Article III."   *Id.* at 1858.

Here, this Court must reconcile its resolution of this case with Congress'

myriad opportunities to create such a right of action, including the PLRA which Congress passed for the express purpose of *reducing* inmate litigation.   *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (In passing PLRA, "Congress has placed a series of controls on prisoner suits, constraints designed to prevent sportive filings in federal court.").   Creation of a new *Bivens* remedy here would be incongruous with that unequivocal legislative goal.   This Court, therefore, should refrain from expansion of *Bivens* in this context.

III.   **Alternatively, the court should enter judgment in Senior Officer Moyer's favor because Landis failed to demonstrate the requisite amount of force necessary to implicate the Eighth Amendment and Senior Officer Moyer is entitled to qualified immunity.**

   A.   **Legal standard.**

   Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(a). A fact is material if it "affect[s] the outcome of the suit."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

   In evaluating a motion for summary judgment, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007)(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

   Once the moving party establishes there are no genuine issues for trial, the non-moving party must proffer some evidence that an issue of material fact remains.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   A non-moving party may not, however, "rely merely upon bare assertions, conclusory allegations or suspicions" to defeat a motion for summary judgment.   *Fireman's Ins. Co. v. Du Fresne,* 676 F.2d 965, 969 (3d Cir. 1982). "[U]nsupported allegations" should not be considered when considering summary judgment. *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).   Additionally, "self-serving affidavits are insufficient to withstand a motion for summary judgment."   *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)(citations omitted).   Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B.   Senior Officer Moyer is entitled to summary judgment because Landis failed to demonstrate the amount of force necessary to implicate the Eighth Amendment or Senior Officer Moyer acted with a malicious or sadistic intent.**

As in his prior complaint, Landis claims that on October 5, 2018, Senior Officer Moyer was escorting him from recreation and when Landis said he was threatened and harassed by inmates, Senior Officer Moyer placed him against the wall in a stairwell applying pressure to his neck and crotch.  (Doc. 1 at 24-25; Doc. 78 at 12 of 22.)   Landis further claims Senior Officer Moyer stopped applying pressure when he heard keys approaching. (Doc. 1 at 24-25; Doc. 78 at 13 of

22.)   As a result, Landis alleges he suffered emotional and mental distress.   (Doc. 1 at 24-25; Doc. 78 at 13 of 22.)   For the first time, Landis also alleges he suffered soreness; bruising; and swelling to his testicles, buttocks, and inner thighs, causing him to hobble for a few days.   (Doc. 78 at 16 of 22.)   Such allegations, even if true, are insufficient to demonstrate the necessary amount of force to implicate the Eighth Amendment.   Further, the undisputed medical records do not show he suffered any injury.

In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court held that "whenever prison officials stand accused of using excessive physical force ... the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   (*Id*. at 6-7.) To make such a determination, several factors need to be examined:   (1) "'the need for the application of force'"; (2) "'the relationship between the need and the amount of force that was used'"; (3) "'the extent of injury inflicted'"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."   *Whitley v. Albers*, 475 U.S. 312, 321 (1986)(quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Consistent with this standard, not all tortious conduct which occurs in prison rises to the level of an Eighth Amendment violation.   *Howell v. Cataldi*, 464 F.2d

18

272, 277 (3d Cir. 1972).   "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights."   *Johnson*, 481 F.2d at 1033.   Indeed, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"   *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327 (citations omitted)).

The Supreme Court specifically rejected a "deliberate indifference" standard for judging claims of excessive use of force, finding that standard inappropriate when corrections officials must make decisions "'in haste, under pressure, and frequently without the luxury of a second chance.'"   *Hudson*, 503 U.S. at 6 (quoting *Whitley*, 475 U.S. at 320).   When considering excessive force claims, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."   *Graham v. Connor*, 490 U.S. 386, 396 (1989)(citation omitted).

Courts have found that an officer punching an inmate is a *de minimus* use of force, rather than excessive force.   In *Caldwell v. Luzerne County Correctional Facility Management*, 732 F. Supp. 2d 458 (M.D. Pa. 2010), the court stated:

> with respect to the incident of May 26, 2009, it cannot be said that the actions taken by Defendant Officer Bleich on that date rise to the level of a constitutional violation.   The fact that on that date Defendant Officer Bleich punched Caldwell once in the back of the head is not the

19

type of condition which rises to the level of an Eighth Amendment violation. *See Reyes v. Chinnici*, 54 Fed.Appx. 44, 47 (3d Cir. 2002) (holding officer's punch of an inmate was not excessive force); *Brown v. Vaughn*, No. 91-2198, 1992 WL 82310, at *2 (E.D.Pa. Apr. 13, 1992)(granting summary judgment where corrections officer initiated violence by punching plaintiff-inmate once, and pushing, spitting, verbally abusing, and using racial slurs against him).   Instead, at best, Caldwell has shown only a *de minimus* use of force by Defendant Officer Bleich. As a result, Defendants' motion to dismiss will be granted as to the claims arising out of the May 26, 2009 incident.

(*Id.* at 470.)

Here, Landis continues to allege a *de miminus* use of force, rather than the type of force that is repugnant to the conscience of mankind.  Further, he failed to state facts demonstrating Senior Officer Moyer acted maliciously and sadistically for the purpose of causing harm.

Also, there is no medical record showing Landis suffered unnecessary and wanton infliction of pain.   Indeed, there is no indication in the medical record that Landis suffered or reported suffering testicle bruising, buttocks, inner thigh pain, swelling, or hobbling around from pain. Statement of Material Facts (SMF) ¶ 1. He was not prescribed any pain medication on or after October 5, 2018.   (*Id.* at ¶ 2.) As such, there is no record evidence for a juror to conclude that Senior Officer Moyer used force or caused unnecessary and wanton infliction of pain which would implicate the Eighth Amendment.

**C.    Alternatively, Senior Officer Moyer's conduct was objectively reasonable and lawful; therefore, he is entitled to qualified immunity.**

Alternatively, Senior Officer Moyer is entitled to qualified immunity from this suit because the undisputed record reveals his conduct was objectively reasonable and lawful.   "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978); *Wood v. Strickland*, 420 U.S. 308, 322 (1975)).

In *Saucier v. Katz,* 533 U.S. 194 (2001), the Supreme Court reiterated the two-step qualified immunity inquiry.  (*Id.* at 200.)   First, in deciding whether a defendant is protected by qualified immunity, the court must determine whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the officer's conduct violated a constitutional right." (*Id.* at 201.) Second, the court must determine whether the right violated was "'clearly established' in a more particularized . . . sense: . . . the relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  (*Id.* at 202) (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). Courts no longer have to find a violation of a constitutional right first,

21

but rather may find a defendant enjoys qualified immunity by determining the defendant's conduct was lawful.   *Pearson v. Callahan*, 129 S. Ct. 809, 818 (2009). If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law.   (*Id.* at 232.)

With regard to whose role it is to determine qualified immunity, the Supreme Court has held that "[i]mmunity ordinarily should be decided by the court long before trial."   *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)(per curium).   In *Hunter*, the Supreme Court stated that the secret service agents were entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest Bryant."   (*Id.*)   Because the Supreme Court found the secret service agents had reason to believe that probable cause existed to arrest Bryant, it found that the secret service agents were entitled to qualified immunity.   (*Id.*)

The Supreme Court further opined that "[e]ven if we assumed, *arguendo*, that they . . . erred in concluding that probable cause existed to arrest Bryant, the agents nevertheless would be entitled to qualified immunity because their decision was reasonable, even if mistaken."   (*Id.* at 228-29) (citations omitted).   The Supreme Court rationalized that the qualified immunity standard "'gives ample room for mistaken judgments'" (quoting (*Malley v. Briggs*, 475 U.S. 335, 341 (1986)) and "reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Hunter*, 502 U.S. at 229 (quoting *Davis v.*

22

*Scherer*, 468 U.S. 183, 196 (1984)).

Relying upon *Hunter*, the United States Court of Appeals for the Third Circuit has held that courts should determine the two-step qualified immunity test, unless "historical facts" are in dispute: "in deciding whether defendant officers are entitled to qualified immunity it is not only the evidence of 'clearly established law' that is for the court but also whether the actions of the officers were objectively reasonable." *Sharrar v. Felsing*, 128 F.3d 810, 828 (3d Cir. 1997), *abrogated on other grounds by*, *Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007).   "The reasonableness of the officers' beliefs or actions is not a jury question."   *Sharrar*, 128 F.3d at 828.

Thereafter, the Third Circuit "reiterate[d] and clairif[ied]" that "whether an officer made a reasonable mistake of law and is thus entitled qualified immunity is a question of law that is properly answered by the court, not the jury.   When a district court submits that question of law to a jury, it commits reversible error." *Curley*, 499 F.3d at 211 (citing *Carswell v. Borough of Homestead*, 381 F.3d 235, 242 (3d Cir. 2004)).

Here, Landis' new allegations of soreness and bruising, *assuming arguendo* to be true, is *de minimis* use of force and not the maliciously or sadistically causing of unnecessary and unwanton pain, which would violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known."

*Wilson v. Layne*, 526 U.S. 603, 609 (1999).   As such, Senior Officer Moyer is entitled to qualified immunity with regard to Landis' Eighth Amendment claim.

## VI.   Conclusion

In conclusion, defendants request that this Court dismiss Landis' amend complaint and enter judgment in Senior Officer Moyer's favor.


Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

s/ Melissa A. Swauger
Melissa A. Swauger
Assistant United States Attorney
PA 82382
Cristina M. Guthrie
Paralegal Specialist
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Phone: (717) 221-4482
Facsimile: (7171) 221-4493
Date:   October 7, 2021        Melissa.Swauger@usdoj.gov

24

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLTON THEODORE LANDIS,** | : | **Civil No. 1:19-CV-470** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Connor)** |
| | : | |
| **DAVID J. EBBERT, et al.,** | : | |
| **Defendants.** | : | **(Filed Electronically)** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.   That on October 7, 2021, she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

### <u>Addressee:</u>

Carlton Theodore Landis
Reg. No.: 24449-056
Federal Transit Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

s/ Patricia J. Mellody
Patricia J. Mellody
Administrative Assistant
